UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

REBECCA J.[1],

    Plaintiff,

v.                                          6:23-CV-6289 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Rebecca J. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 8–1, 9. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and her application for Supplemental Security Income ("SSI"), both filed on September 15, 2020.[2] Tr. 247–50.[3] Plaintiff's applications were initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 166. Following the hearing, at which Plaintiff was represented by counsel, ALJ Michael Devlin issued a decision finding that Plaintiff was not disabled. Tr. 13–22. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 146–63; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental

activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not

disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.  THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date on December 4, 2019. Tr. 15. The ALJ also found that Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease; status post injury in the lumbar spine; fibromyalgia; bilateral carpal tunnel syndrome; sleep apnea; and hearing difficulty. Tr. 15. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations:

> [Plaintiff can] occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight hour day; sit about six hours in an eight hour day; occasionally push and/or pull 10 pounds; occasionally climb ramps and/or stairs, balance stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; be allowed to use an assistive device (e.g. cane) to ambulate to and from a workstation; never work at unprotected heights or near moving machinery; and able to work in an environment with a modern level of noise as defined in the Selected Characteristics of Occupations (SCO).

Tr. 17.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 20. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 21. As such, according to the ALJ, Plaintiff had not been under a disability since from December 4, 2019, through March 10, 2022. Tr. 22.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that a portion of the ALJ's RFC runs contrary to Harbinder Toor, M.D.'s ("Dr. Toor") opined limitations. Dkt 6–1, at 7. More specifically, Plaintiff argues that the "ALJ erred in failing to explain how he found Dr. Toor's opinion for moderate limitations in prolonged sitting consistent with the RFC for sedentary work which included no sit-stand option." *Id.*

6

## III. ANALYSIS

The ALJ's RFC determination is not inconsistent with Dr. Toor's finding of moderate limitations. *See Hill v. Berryhill,* 2019 WL 144920, at *7 (W.D.N.Y. Jan. 9, 2019) (holding that "moderate limitations in the claimant's ability to engage in prolonged sitting, standing, and walking" were "not inconsistent with a sedentary work limitation").

Courts within the Second Circuit have recognized that moderate limitations in prolonged sitting are not necessarily inconsistent with the ability to perform the up to six hours of sitting (at approximately two-hour intervals, interrupted by morning and afternoon breaks, and a lunch period) required for sedentary work. *Zacharopoulos v. Saul,* 516 F. Supp.3d 211, 229 (E.D.N.Y. 2021) (medical opinion describing moderate limitations in prolonged walking, sitting, and standing supports an RFC for a range of work at the sedentary level); *Lisa P. v. Comm'r of Soc. Sec.,* 2021 WL 826715, at *3 (W.D.N.Y. Mar. 4, 2021) ("[A] moderate limitation in the ability to sit does not necessarily preclude a finding that the claimant can meet the sitting demands of sedentary work."); *Ali S. M. v. Comm'r of Soc. Sec.,* 2022 WL 23223, at *9 (W.D.N.Y. Jan. 3, 2022) ("[A] moderate limitation in the ability to sit does not necessarily preclude a finding that [p]laintiff can meet the sitting demands of sedentary work."); *Marty S. v. Comm'r of Soc. Sec.,* 2022 WL 472566, at *17 (W.D.N.Y. Feb. 16, 2022) (moderate limitations in sitting "are not necessarily inconsistent with the ability to perform . . . sedentary work.").

On December 21, 2020, Dr. Toor examined Plaintiff and opined that she "has moderate limitations sitting for a long time" as well as "moderate to marked limitations [in] standing, walking, squatting, bending, lifting, [and] carrying." Tr. 439. The ALJ determined that Dr. Toor's opinion was persuasive because "it is generally consistent with the medical evidence of record." Tr. 20. In making this determination, the ALJ mentioned Dr. Toor's findings that Plaintiff had moderate limitations in sitting for a long time and moderate to marked limitations in standing, walking, squatting, bending, lifting, and carrying. *Id.*

Here, Dr. Toor opined that Plaintiff had only "moderate" limitations in sitting for long periods of time. Tr. 439. That limitation is consistent with the ALJ's RFC determination that Plaintiff could perform sedentary work and, thus, not contrary to Dr. Toor's opinion that Plaintiff had moderate limitations in prolonged sitting. "Indeed, the supportability of an RFC finding of sedentary work, despite moderate limitations in prolonged sitting, is particularly strong 'where, as here, the record also includes evidence that plaintiff is able to perform activities of daily living that involved some . . . sitting.'" *Kevin M. v. Kijakazi,* 2022 WL 2704527, at *3 (W.D.N.Y. Jul. 12, 2022) (citing *Rosa v. Comm'r of Soc. Sec.,* 2022 WL 2274720, at *30 (E.D.N.Y. 2022). And here, the ALJ mentioned that Plaintiff "could sit for 45 minutes in an upright position, mostly in a recliner with pillows that propped her legs up." Tr. 18.

In sum, the ALJ's RFC determination is not inconsistent with Dr. Toor's opinion and is supported by evidence in the record. In general, a plaintiff's RFC is

8

the most he or she can do despite his limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his or her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   November 12, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE